IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAMELA HUDSON,

    Plaintiff,

vs.                                                      Civ. No. 06-455 JP/CEG

HECTOR RAMIREZ, R. SCOTT NAYLOR,
DOUG PERHAM, LAWRENCE COX,
PAT JENNINGS, RAUL VALDERAZ,
JACK BOGARD, JANE DOE, sued individually,
BOARD OF CHAVES COUNTY COMMISSIONERS,

    Defendants.


MEMORANDUM OPINION AND ORDER

On October 18, 2006, Defendants Hector Ramirez, Raul Valderaz, Doug Perham, and Lawrence Cox filed a Motion to Dismiss for Failure to Effect Service of Process (Motion to Dismiss) (Doc. No. 5). Having reviewed the pleadings, the arguments of counsel and of the *pro se* Plaintiff, and the relevant case law, the Court concludes that the Motion to Dismiss should be denied, but Plaintiff should promptly serve process on these Defendants.

A. Background

*Pro se* Plaintiff Pamela Hudson[1] filed her first Complaint for Violation of Civil and Constitutional Rights (Complaint) (Doc. No. 1) on June 1, 2006 against Defendants Hector Ramirez, Raul Valderaz, R. Scott Naylor, Doug Perham, Lawrence Cox, Pat Jennings, and six

---

[1]On February 27, 2007, the Court dismissed Hirman Hudson, Plaintiff Pamela Hudson's husband, as plaintiff. Order (Doc. No. 28) (granting Motion to Dismiss Hiram Hudson as Party Plaintiff (Doc. No. 6)).

1

John and Jane Does, individually and in their official capacities. Summonses were not issued for the first Complaint. Plaintiff filed her First Amended Complaint for Violation of Civil and Constitutional Rights (First Amended Complaint) (Doc. No. 3) on September 29, 2006 against Defendants Hector Ramirez, Raul Valderaz, R. Scott Naylor, Doug Perham, Lawrence Cox, Pat Jennings, Jack Bogard, and Jane Doe, all sued individually, and the Board of Chaves County Commissioners. Eight summonses were issued on September 29, 2006 for the First Amended Complaint. Plaintiff attempted to serve Defendants Ramirez, Valderaz, Perham, and Cox the same day by leaving a copy of the summons and First Amended Complaint with Defendant Chaves County Sheriff Pat Jennings at the Chaves County Sheriff's Department (CCSD).[2] This attempted service occurred 120 days after Plaintiff filed her initial Complaint. Defendants Ramirez, Valderaz, Perham, and Cox filed their Answer (Doc. No. 4) on October 17, 2006 and their Motion to Dismiss (Doc. No. 5) on October 18, 2006.[3] Plaintiff had previously filed a related complaint in New Mexico state court.[4]

---

[2] Defendants Ramirez, Valderaz, Perham, and Cox were employed as deputy sheriffs by the CCSD.

[3] Defendants Ramirez, Valderaz, Perham, and Cox did not follow D.N.M.LR-Civ.7.4(a) when filing their Motion to Dismiss. Defendants Ramirez, Valderaz, Perham, and Cox should be reminded that when any party appears *pro se*, the movant of an opposed motion is required to request the concurrence of each party at least three days before filing a motion. The movant must then recite that concurrence was refused or provide explanation for why concurrence could not be obtained. D.N.M.LR-Civ.7.4(a). "A motion that omits recitation of a good-faith request for concurrence may be summarily denied." Id.

[4] The related state case is Hudson v. Chaves County Sheriff's Dept., D-504-CV-200500714 (5th Jud. Dist.N.M., filed 6/3/2005). Defendants named in the state case are "Chaves County Sheriffs Department, Pat Jennings, Hector Ramirez, Hector Valderaz, R.S. Naylor and Unknown, Cox." The state Defendants are represented by attorney Barbara A. Patterson Reddy, who also represents Defendants Ramirez, Valderaz, Perham, and Cox in this federal case.

Plaintiff brings her case under 42 U.S.C. §1983, alleging excessive force, unreasonable seizure and arrest, conspiracy to retaliate against Plaintiff for exercising her First Amendment right to free speech, lack of due process, loss of right to familial association, malicious prosecution, conspiracy to maliciously prosecute, and conspiracy to unlawfully search Plaintiff. She brings suit against Defendants as a result of events that occurred on June 3, 2003 when Defendants allegedly charged, arrested, searched, and detained Plaintiff for the unlawful burning of tumbleweeds and trash in her yard without a burn permit.

Defendants Ramirez, Valderaz, Perham, and Cox contend that Plaintiff failed to properly serve process under federal or state law. Plaintiff argues that actual notice provides sufficient service of process.

B. Discussion

Fed. R. Civ. P. 4(e)(2) requires personal delivery of a copy of the summons and complaint to a prospective defendant, delivery of a copy of the summons and complaint to a person of suitable age at the individual's home, or delivery of a copy of the summons and complaint to an authorized agent. Service of process may also be effected "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(e)(1). In this case, Plaintiff attempted service of process under state law.

Plaintiff argues that the service of process of her First Amended Complaint is governed by NMRA 1-004(E)(1) (2005).[5] NMRA 1-004(E) generally describes how process should be served:

> (1)   Process shall be served in a manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend.
>
> (2)   Service may be made, subject to the restrictions and requirements of this rule, by the methods authorized by this rule or in the manner provided for by any applicable statute, to the extent that the statute does not conflict with this rule.
>
> (3)   Service may be made by mail or commercial courier service provided that the envelope is addressed to the named defendant and further provided that the defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant signs a receipt for the envelope or package containing the summons and complaint, writ or other process.  Service by mail or commercial courier service shall be complete on the date the receipt is signed as provided by this subparagraph.  For purposes of this rule "signs" includes the electronic representation of a signature.

Plaintiff argues that actual notice provides sufficient service of process under NMRA 1-004(E)(1). Plaintiff claims that she provided Defendants Ramirez, Valderaz, Perham, and Cox with actual notice of this lawsuit when she answered interrogatory 22[6], an interrogatory propounded in the related state case, because these Defendants retained the same attorney in both the state case and this case.  Plaintiff responded to interrogatory 22 as follows:

---

[5] Plaintiff also notes that she inadvertently omitted stating in the First Amended Complaint that Defendants Ramirez, Valderaz, Naylor, Perham, Cox, Jennings, Bogard, and Doe are being sued in their official capacities in addition to being sued in their individual capacities. If the Plaintiff wishes to amend her First Amended Complaint to include official capacities claims, she must file a motion to amend the First Amended Complaint in accordance with the local rules and the Federal Rules of Civil Procedure.

[6] Interrogatory 22 stated: "Please describe all lawsuits or claims to which you have been a party including, but not limited to, criminal complaint, civil lawsuits, workers' compensation and bankruptcy matters. In your description, please include the type of lawsuit, names of parties involved, date of filing, court in which filed, counsel representing any party, docket number and final disposition." Exhibit 1 (attached to Plaintiff's Response to Defendants' "Motion to Dismiss for Failure to Effect Service of Process" and Stipulation Regarding Specific Defendants' Capacity (Doc. No. 19), filed Nov. 13, 2006) (Pl. Resp.).

> I have not been a party to a civil lawsuit with the exception of this action, a pending Title 42 Section 1983 action, with the same parties herein and 6 John and Jane Does, which will presumably be various other County personnel, filed June 1st 2006 in Federal District Court in Santa Fe, docket number CIV-06-455....

Exhibit 1 (attached to Pl. Resp.). Plaintiff Pamela Hudson asserts that because Defendants' attorney knew of the existence of this federal case and could access the case electronically, Defendants Ramirez, Valderaz, Perham, and Cox should have been aware that Plaintiff had filed the initial Complaint and the First Amended Complaint.

Although NMRA 1-004(E)(1) provides that process must be served in a way to apprise the defendant of the action, New Mexico courts would not overlook technical deficiencies in the lack of personal service of process simply because the defendant had actual notice of the case. Trujillo v. Goodwin, 2005-NMCA-095 ¶ 10, 116 P.3d 839, 841. Similarly here, actual notice does not provide sufficient service of process under New Mexico law. Instead, state rules specifically direct how process should be served:

> Personal service of process shall be made upon an individual by delivering a copy of a summons and complaint or other process:
>
> (1)    (a)    to the individual personally; or if the individual refuses to accept service, by leaving the process at the location where the individual has been found; and if the individual refuses to receive such copies or permit them to be left, such action shall constitute valid service; or
>       (b)    by mail or commercial courier service as provided in Subparagraph (3) of Paragraph E of this rule.
>
> (2)    If, after the plaintiff attempts service of process by either of the methods of service provided by Subparagraph (1) of this paragraph, the defendant has not signed for or accepted service, service may be made by delivering a copy of the process to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years and mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process; or
>
> (3)    If service is not accomplished in accordance with Subparagraphs (1) and (2), then service of process may be made by delivering a copy of the process at the actual place of business or employment of the defendant to the person apparently in

> charge thereof and by mailing a copy of the summons and complaint by first class mail to the defendant at the defendant's last known mailing address and at the defendant's actual place of business or employment.

NMRA 1-004(F). According to NMRA 1-004(F)(3), service of process on a person's place of employment is only permissible after service by other means is unsuccessful.

Here, Plaintiff did not comply with NMRA 1-004(F) when she left a copy of the summons and First Amended Complaint with Defendant Deputy Sheriff Pat Jennings at the CCSD without first attempting personal service, service by mail, or service at Defendants Ramirez, Valderaz, Perham, and Cox's usual places of abode. Even if Plaintiff were permitted to deliver a copy of the summons and First Amended Complaint to the CCSD, Plaintiff failed to mail copies of the summons and First Amended Complaint to Defendants Ramirez, Valderaz, Perham, and Cox's last known mailing and business addresses. Plaintiff, therefore, did not effect service on Defendants Ramirez, Valderaz, Perham, and Cox as required by NMRA 1-004(F).

If process is not served within 120 days of the filing of a complaint, the Court may dismiss the action without prejudice or may grant an extension of time to serve process. Fed. R. Civ. P. 4(m). An extension of time to serve process for good cause is mandatory, while an extension of time to serve process without good cause is permissive and left to the Court's discretion. Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995), cert. denied, 520 U.S. 1176 (1997).

The good cause standard for extending the time to serve process is "quite restrictive." Lopez v. United States, 129 F. Supp. 2d 1284, 1295 (D.N.M. 2000), affirmed by, 21 Fed. App'x 879 (10th Cir. 2001). "Inadvertence, negligence, ignorance of the service requirements, and reliance on a process server have all been determined not to constitute good cause. Similarly, the fact that a defendant may have had actual notice of the suit, and has suffered no prejudice, does not

constitute good cause." Id. (Internal citations omitted). In this case, Plaintiff has not adequately explained why she did not properly serve process on Defendants Ramirez, Valderaz, Perham, and Cox. Plaintiff's failure to effect proper service is due, therefore, to either inadvertence, negligence, or ignorance of service requirements. Hence, Plaintiff has not shown good cause for extending the time to serve process.

If good cause is not shown, the Court may grant a discretionary extension of time for service of process.[7] Often, the *pro se* status of litigants, the expiration of a statute of limitations, or the viability of the claims may affect the Court's decision to grant a permissive extension of time. Espinoza, 52 F.3d at 842 (statute of limitations and *pro se* status are factors); Lopez,129 F.Supp. 2d at 1295-96 (examining viability of the claims). Additionally, any plaintiff who fails to serve timely process is often given at least one discretionary extension of time in order to properly serve process.  For example, the Tenth Circuit affirmed the district court's dismissal of a plaintiff's case when plaintiff failed to properly serve the Attorney General of the United States after the district court had granted two 15-day extensions of time for service of process.  Edwards v. Potter, 57 Fed. App'x 844, 845 (10th Cir. 2003) (not selected for publication) (the district court granted the second extension of time because plaintiff had made progress by filing return of service for the United States Attorney for the Northern District of Oklahoma). Also, a Kansas federal district court found it appropriate to extend time for service of process, "[i]n light of plaintiff's attempts to effect timely service." Perkins v. City of Wichita, Kansas, 178 F.R.D. 566, 568 (D.Kan. 1998) (plaintiff served process by certified mail although Kansas law requires certified mail sent by the

---

[7]Defendants Ramirez, Valderaz, Perham, and Cox have completely failed to address the discretionary standards.

sheriff in the county where the action was filed).

Under the circumstances of this case, Plaintiff should be granted a discretionary extension of time in order to effect service of process for the following reasons. First, Plaintiff did attempt to serve process on Defendants Ramirez, Valderaz, Perham, and Cox by serving their employer. Second, it is undisputed that Defendants Ramirez, Valderaz, Perham, and Cox received timely actual notice of Plaintiff's lawsuit because of the attempted service at CCSD and the interrogatory answer in the state case which identified this federal case by the correct file number. The fact that these Defendants filed an Answer to the Plaintiff's First Amended Complaint is also evidence that Defendants Ramirez, Valderaz, Perham, and Cox received actual notice of the First Amended Complaint. Third, the three-year statute of limitations has expired and might bar Plaintiff from refiling her First Amended Complaint against Defendants Ramirez, Valderaz, Perham, and Cox. Fourth, Plaintiff's claims appear viable; to the extent possible, cases should be decided on their merits. Finally, Defendants Ramirez, Valderaz, Perham, and Cox were not actually prejudiced by Plaintiff's failure to properly serve process because they had actual notice of this lawsuit.[8]

IT IS ORDERED that:

1. Defendants Ramirez, Valderaz, Perham, and Cox's Motion to Dismiss for Failure to Effect Service of Process (Doc. No. 5) is denied;

2. Plaintiff must serve process on Defendants Ramirez, Valderaz, Perham, and Cox in accordance with the Federal Rules of Civil Procedure (or New Mexico Rules of Civil Procedure)

---

[8]Defendants Ramirez, Valderaz, Perham, and Cox do not allege that they will be prejudiced if the Court grants an extension of time to serve process.

by May 10, 2007 and file proof of service no later than May 15, 2007;

      3. Plaintiff's failure to properly serve Defendants Ramirez, Valderaz, Perham, and Cox by May 10, 2007, will result in the Court dismissing Plaintiff's claims against Defendants Ramirez, Valderaz, Perham, and Cox without prejudice unless the Plaintiff can show good cause for failing to meet this deadline.

_____
SENIOR UNITED STATES DISTRICT JUDGE